UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x Civil Action No. 2:19-cv-816
STEPHEN FLANAGAN, as a Trustee of the GENERAL
BUILDING LABORERS' LOCAL 66 VACATION FUND;   VERIFIED COMPLAINT
STEPHEN FLANAGAN, as a Trustee of the GENERAL
BUILDING LABORERS' LOCAL 66 PENSION FUND;
STEPHEN FLANAGAN, as a Trustee of the GENERAL
BUILDING LABORERS' LOCAL 66 WELFARE FUND;
STEPHEN FLANAGAN, as Trustee of the GENERAL
BUILDING LABORERS' LOCAL 66 ANNUITY FUND;
STEPHEN FLANAGAN, as a Trustee of the GENERAL
BUILDING LABORERS' LOCAL 66 LABORERS'
EMPLOYER COOPERATIVE AND EDUCATIONAL TRUST
FUND; STEPHEN FLANAGAN, as a Trustee of the
GENERAL BUILDING LABORERS' LOCAL 66 GREATER
NY LABORERS' EMPLOYER COOPERATIVE AND
EDUCATIONAL TRUST FUND; STEPHEN FLANAGAN,
as a Trustee of the GENERAL BUILDING LABORERS'
LOCAL 66 TRAINING PROGRAM; STEPHEN FLANAGAN,
as a Trustee of the GENERAL BUILDING LABORERS'
LOCAL 66 NEW YORK STATE HEALTH AND SAFETY
FUND; STEPHEN FLANAGAN, as Business Manager of
GENERAL BUILDING LABORERS' LOCAL UNION NO. 66
of the LABORERS' INTERNATIONAL UNION OF NORTH
AMERICA, AFL-CIO,
                                Plaintiffs,
   -against-

REGAL CONSTRUCTION A/K/A
REGAL CONTRACTING INC. and RICH HALL,

                                Defendants.
------------------------------------------------x

Plaintiffs, complaining of the defendants, by their attorneys, LAVELLE LAW &

ASSOCIATES, P.C., allege as follows:

1

1. This is an action by a fiduciary of 8 employee benefit plans to enforce the obligations of defendants to make contributions to these plans and permanently enjoin their failure to make such contributions in the future and for interest, additional interest, reasonable attorney's fees and costs of action. This is also an action by the chief executive officer of a labor organization to obtain damages from the defendants resulting from their breach of the collective bargaining agreement between the labor organization and the defendants.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked under the following statutes:

(a) § 502(a), (e), (f) and (g) and 4301(a), (b) and (c) of the Employee Retirement Income Security Act of 1974 (ERISA), (29 U.S.C. § 1132(a), (e), (f) and (g);

(b) § 301 of the Taft-Hartley Act (29 U.S.C. § 185);

(c) 28 U.S.C. § 1331 (federal question); and

(d) 28 U.S.C. 1337 (civil actions arising under Act of Congress regulating commerce).

3. Venue properly lies in this district under §§ 502(e)(2) of ERISA and § 301 of the Taft-Hartley Act (29 U.S.C. § 185).

## PARTIES

4. Plaintiff, STEPHEN FLANAGAN, as a Trustee of the General Building Laborers' Local 66 Vacation Fund (Vacation Fund) and as a Trustee of the General Building Laborers' Local 66 Pension Fund (Pension Fund) and as a Trustee of the General Building Laborers' Local 66 Welfare Fund (Welfare Fund) and as a Trustee of the General Building Laborers' Local 66 Annuity Fund (Annuity Fund) and as a Trustee of the General Building Laborers' Local 66 Laborers' employer Cooperative and Educational Trust Fund (LECET Fund) and as a Trustee of the General Building Laborers' Local 66 Greater NY Laborers' employer Cooperative and Educational Trust Fund (Greater NY LECET Fund) and as a Trustee of the General Building Laborer's Local 66 Training Program (Training Fund) and as a Trustee of the General Building Laborers' Local 66 New York State Health and Safety Fund (NYS Health and Safety Fund), is and was a fiduciary within the meaning of § 3(21) and 502 of ERISA (29 U.S.C. §§ 1002(21) and 1132)) and brings this action in his fiduciary capacity.  The Vacation Fund and the Pension Fund and the Welfare Fund and the Annuity Fund and the LECET Fund and the Greater NY LECET Fund and the Training Fund and the NYS Health and Safety Fund are employee benefit plans within the meaning of §§ 3(1), 3(2), 3(3) and § 502(d)(1) of ERISA (29 U.S.C. §§ 1002(1), 1002(2), 1002(3) and 1132(d)(1)), and multi-employer plans within the meaning of §§ 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145).

5. The Funds maintain their offices and are administered at 1600 Walt Whitman Road, Melville, New York 11747 and, as such, are and were at all times relevant hereto administered within this district within the meaning of § 502(e)(2) of ERISA (29 U.S.C. § 1132(e)(2)).

6. Upon information and belief, at all times relevant hereto, the corporate defendant has been a for-profit domestic corporation, doing business in New York, having their principal places of business at **24 Woodbine Avenue, Northport, New York 11768**, and incorporated under the laws of the State of New York, have been an employer within the meaning of §§ 3(5) and 5154 of ERISA (29 U.S.C. §§ 1002(5) and 1145) and have been an employer in an industry affecting commerce within the meaning of § 301 of the Taft-Hartley Act (29 U.S.C. § 185).

7. Upon information and belief, the individual defendant is and was an officer and/or director and/or shareholder and/or agent of the corporate defendants and therefore are and were an employer within the meaning of §§ 3(5) and 5154 of ERISA (29 U.S.C. §§ 1002(5) and 1145).

8. Upon information and belief, at all times relevant hereto, defendants have been engaged in the building and construction industry as a contractor, within the judicial district, to wit, Nassau and Suffolk Counties, State of New York and are and have been doing business in this district within the meaning of 28 U.S.C. § 1391.

9. Defendants executed the collective bargaining agreement with General Building Laborers' Local Union No. 66 with respect to which plaintiffs Funds are third-party beneficiaries. Said Agreement incorporates by reference the terms of the Agreements and Declarations of Trust of the Fringe Benefit Funds. Defendants thereby agreed to comply with and be bound by all of the provisions of the collective bargaining agreement and Agreements and Declarations of Trusts (hereinafter collectively "Agreements"). Said Agreements, *inter alia*, provided for contributions by said defendants to the Fringe Benefit Funds for each hour worked by participants employed by said defendants. Said Agreements also provided for Dues Check-Off payable to the General Building Laborers' Local Union No. 66. for each hour worked by participants employed by said defendants. At all times material hereto said contract was in full force and effect.

10. Pursuant to said Agreements, defendants employed persons who were participants in the Fringe Benefit Funds within the meaning of § 3(7) of ERISA (29 U.S.C. § 1002(7)), during the time said contract was in full force and effect.

11. Upon information and belief, the defendants received funds which were intended to be held in trust for fringe benefit funds for labor on the job site pursuant to New York State Lien Law § 71, said funds were wrongfully and fraudulently diverted, and, as such, the individual defendant is liable therefore.

12. Upon information and belief, the defendants knowingly participated in a fiduciary breach of ERISA trust obligations and, as such, the individual defendant is liable therefore.

13. Upon information and belief, the defendants conspired to divert ERISA funds for personal benefit and, as such, the individual defendants are liable therefore.

14. Upon information and belief, the defendants intermingled personal and corporate assets.

## THE AGREEMENTS AND TRUSTS

15. Pursuant to the terms of the Agreements and Trusts, defendants, REGAL CONSTRUCTION A/K/A REGAL CONTRACTING INC. and RICH HALL are required *inter alia* to:

    (a) pay contributions to the Funds on behalf of its employees, at the rates and times set forth in the Agreements;

    (b) submit contribution reports to the Funds;

    (c) permit and cooperate with the Funds in the conducting of audits of its books and records; and

    (d) in the event the contractor fails to timely pay required contributions, it is obligated to pay

      i.     interest from the date such delinquent contributions were due until the date of payment;

      ii.    liquidated damages in an amount equal to the interest on the delinquent contributions; and

      iii.   all costs and attorneys' fees incurred by the Funds.

### REMEDIES FOR BREACH OF OBLIGATION TO THE FUNDS

16. Pursuant to the terms of the Agreements and § 515 of ERISA (29 U.S.C. §1145), employers are required to pay contributions to the Funds in accordance with the terms and conditions of the Agreements.

17. Failure to make such payment or timely payment constitutes a violation of the Agreements and § 515 of ERISA (29 U.S.C. § 1145).

18. The Agreements and § 502 of ERISA (29 U.S.C. § 1132) all provide that upon a finding of an employer violation as set forth above, the Funds shall be awarded the unpaid contributions, plus interest on unpaid contributions, liquidated damages, reasonable attorney's fees and costs of the action, and such other and legal or equitable relief as the court deems appropriate.

### CLAIM FOR RELIEF

19. Plaintiff, STEPHEN FLANAGAN, as a Trustee of each of the Fringe Benefits

Funds, repeats and realleges each and every allegation set forth in paragraphs 1 through 18.

20. Shop Steward Reports for the period from week ending June 22, 2018 through week ending September 9, 2018 reveals that defendants have failed to make contributions to the Fringe Benefit Trust Funds when due for the period from week ending June 22, 2018 through week ending September 9, 2018 in the total amount due and owing in the amount of $7,406.64.

21. Interest and liquidated damages on all of the aforementioned delinquencies are accruing from the date due and continuing until payment is received under § 502(g)(2) of ERISA (29 U.S.C. § 1132(g)(2)).

22. Attorney's fees accrued in collection of the unpaid contributions are owed as required by § 502 (g)(2) of ERISA (29 U.S.C. § 1132(g)(2)).

23. Defendants have been notified of the total amounts due and owing and have failed to pay any of the fringe benefit contributions owed to the Funds in contravention to the Agreements and § 515 of ERISA (29 U.S.C. § 1145).

24. This claim for relief seeks a permanent injunction against defendants pursuant to §§ 502(a)(3) and 502(g)(2)(E) of ERISA (29 U.S.C. §§ 1132(a)(3) and 1132(g)(2)(E)).

25. Defendants have no meritorious defense to the claims for relief set forth in

the Complaint, either in fact or in law and has simply sought to avoid payment of the contributions owed by them to the fringe benefit funds or to delay payment thereof.

26. The fringe benefit funds have and will incur considerable nonrecoverable expenses in pursuing unpaid contributions such as increased administrative overhead, lost investment income, attorneys fees and other legal costs.

27. The nonrecoverable expenses are ultimately borne by the participants, pensioners and beneficiaries of the fringe benefit funds by way of reduced benefits and this is inequitable.

28. Accordingly, defendants should be permanently enjoined from failing or refusing to pay contributions to the fringe benefit funds in accordance with the terms and conditions of Agreements, all in violation of § 515 of ERISA (29 U.S.C. § 1145).

WHEREFORE, plaintiffs demand judgment in accordance with § 502(g)(2) of ERISA (29 U.S.C. § 1132(g)):

$7,406.64 in delinquent contributions for the period from week ending June 22, 2018 through week ending September 9, 2018;

1. Interest on the delinquent deficiency from the date due and owing through date of entry of judgment as required by § 502(g)(2) of ERISA (29 U.S.C. § 1132(g)(2));

2. Liquidated damages on the delinquent deficiency from the date due and

owing through date of entry of judgment as required by § 502(g)(2) of ERISA (29 U.S.C. § 1132(g)(2));

3. The attorney's fees and costs incurred in the action as required by § 502(g)(2) of ERISA (29 U.S.C. § 1132(g)(2));

4. Judgment, in accordance with § 502(g)(2)(E) of ERISA (29 U.S.C. § 1132(g)(2)(E)), permanently enjoining the defendants from failing or refusing to pay contributions owed by them to the Fringe Benefit Funds in); and accordance with the Agreements in violation of § 515 of ERISA (29 U.S.C. 1145

5. For such other legal or equitable relief as this Court deems appropriate.

Dated:   Patchogue, New York
         January 30, 2019

                                       LAVELLE LAW & ASSOCIATES P.C.

                                       _____
                                       By:  WILLIAM T. LAVELLE
                                       Attorneys for Plaintiffs
                                       LaVelle Law & Associates, P.C.
                                       57 East Main Street
                                       Patchogue, New York 11772
                                       (631) 475-0001

To:   Defendants (F.R.C.P. 4)
      United States District Court (F.R.C.P. 3)
      Secretary of Labor – by Certified Mail (29 U.S.C. § 1132(h)
      Secretary of Treasury – by Certified Mail (29 U.S.C. § 1132(h)

VERIFICATION

STATE OF NEW YORK    )
                     )ss.:
COUNTY OF SUFFOLK    )

STEPHEN FLANAGAN, being duly sworn deposes and says:

1. I am a Trustee of the GENERAL BUILDING LABORERS' LOCAL 66 VACATION FUND, WELFARE FUND, PENSION FUND, ANNUITY FUND, LECET FUND, GREATER NY LECET FUND, TRAINING PROGRAM AND NYS HEALTH AND SAFETY FUND. I am also the Business Manager of GENERAL BUILDING LABORERS' LOCAL UNION NO. 66 of the INTERNATIONAL UNION OF NORTH AMERICA, AFL.-CIO.

2. I have read the foregoing complaint and the same are true to deponent's own knowledge except as to those matters alleged to be on information and belief and as to those matters deponent believes them to be true. The grounds of deponent's belief are the records of the named Funds and the Labor Organization, which are in my custody.

_____
STEPHEN FLANAGAN

Sworn to before me this
6TH day of February, 2019

_____
Notary Public

ADAM L. GLASER
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02GL6347483
QUALIFIED IN SUFFOLK COUNTY
MY COMMISSION EXPIRES SEPT. 6, 2020